# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00096-MOC

| | |
|---|---|
| MACK CHASON GLISSON, | )<br>) |
| Petitioner, | )<br>) |
| vs. | )     **ORDER** <br>) |
| ERIC A. HOOKS,<br>MIKE SLAGLE, | )<br>)<br>) |
| Respondents. | )<br>) |

**THIS MATTER** is before the Court upon Petitioner Mack Chason Glisson's Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2), Motion to Seal (Doc. No. 5), and Motion to hold these proceedings in abeyance pending exhaustion of his state remedies (Doc. No. 6). Petitioner is represented by Christopher John Heaney of North Carolina Prisoner Legal Services ("NCPLS").

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on December 18, 2014, was convicted of first-degree murder after a jury trial in Buncombe County Superior Court. He was sentenced to life in prison without the possibility of parole. (§ 2254 Pet. 1-2, Doc. No. 1.)

On March 21, 2017, the North Carolina Court of Appeals issued an unpublished opinion finding no error in the judgment. State v. Glisson, 797 S.E.2d 381 (N.C. Ct. App. 2017) (Table). Petitioner did not seek discretionary review of the appellate court's decision in the North Carolina Supreme Court. (§ 2254 Pet. 2.)

Petitioner, through counsel, filed a post-conviction motion for appropriate relief ("MAR") in the Buncombe County Superior Court on April 23, 2018; it was denied on

September 26, 2018, without an evidentiary hearing. (§ 2254 Pet. 3-4.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on March 28, 2019, seeking review of the denial of his MAR. (§ 2254 Pet. 13.)

Contemporaneously with the filing of his state certiorari petition, Petitioner filed a Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254, in this Court. (Doc. No. 1.) He also filed the three Motions that are the subject of this Order.

According to Petitioner, the North Carolina Court of Appeals allowed his certiorari petition on May 2, 2019, vacated the order denying the MAR, and remanded the case to the trial court for further proceedings. (Status Update, Doc. No. 7 (citing State v. Glisson, P19-213 (N.C. Ct. App. May 2, 2019)). Petitioner's MAR is now pending before the Superior Court of Buncombe County. (Id.)

## II.   IFP MOTION

Federal law requires a petitioner seeking habeas review of his state conviction and/or sentence in federal district court to pay a $5.00 filing fee or be granted leave to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914, 1915(a).[1] According to his IFP application, Petitioner does not receive income from any source, including from gifts. (Doc. No. 2 at 1.) He lists, as a debt, $5,000.00 in restitution he must pay for his wife's funeral expenses. (Doc. No. 2 at 2.) Petitioner's trust fund account statement shows that since August 28, 2018, frequent deposits ranging from $10.00 to $60.00 have been made to his trust fund account. (Trust Fund Acct. Stmt., Doc. No 2 at 3-9.) The Court is unable to determine from the statement whether he has been paying restitution while incarcerated.

Notwithstanding Petitioner's misrepresentation about non-receipt of income in the form

---

[1] The North Carolina Department of Public Safety has a contract with N.C. Prisoner Legal Services, Inc., which is administered by Indigent Defense Services, to provide legal representation for indigent prisoners. See N.C. Gen. Stat. § 7A-498.3(2a) (2018).

of gifts, the Court shall grant his IFP Motion. It is unclear from the materials provided whether Petitioner had the means to pay the $5.00 filing fee when he filed his habeas Petition.

### III. MOTION TO SEAL

In this Motion, Petitioner seeks

> to seal a reference list describing redactions of an unsealed exhibit (Exhibit A – Redacted) submitted in support of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a sealed exhibit submitted in support of that petition (Exhibit B), an unredacted memorandum in support of the petition, and unredacted exhibit (Exhibit A - Unredacted) also in support of the petition.

(Mot. to Seal 1, Doc. No. 5.) This Motion is complicated by several factors, the first being that Petitioner has filed his redacted memorandum in support of his habeas Petition as part of the Petition (Doc. No. 1), instead of as a separate document, whereas his unredacted memorandum in support (Doc. No. 4) is filed as a document separate from the habeas Petition. Next, no unredacted version of Exhibit A has been filed. Instead the redacted version was filed as both a public document (Doc. No. 1-1) and under seal (Doc. No. 4-1).

Rather than address Petitioner's Motion to Seal piecemeal, the Court shall direct Petitioner to file an unredacted version of Exhibit A. The Court also shall direct the Clerk of Court to sever the redacted Memorandum of Support from the Petition and docket it separately as an attachment. Once Petitioner has complied with this Order, the Court shall address the Motion to Seal in its entirety. Petitioner need not file an amended Motion to Seal, unless he feels it is necessary.

### IV. MOTION TO STAY

Petitioner seeks to place this habeas action in abeyance pending exhaustion of his state remedies. (Mot. to Stay, Doc. No. 6.) Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v.

3

Boerckel, 526 U.S. 838, 845 (1999). In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by raising his constitutional claims on direct appeal in the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by raising the claims in a motion for appropriate relief filed in the trial court and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. Petitioner has not yet exhausted any of the claims raised in his habeas Petition.

The AEDPA also provides that a § 2254 habeas petition generally must be filed within one year of the date on which the petitioner's state court judgment became final. See 28 U.S.C. § 2244(d)(1)(A). The Supreme Court has stated that a habeas petitioner concerned about the possible effects of his state postconviction filings on the habeas statute of limitations may file a timely "protective" petition in federal court, and request that it be held in abeyance pending the exhaustion of state remedies. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). In Rhines v. Weber, the Supreme Court explained in the context of a habeas petition that contained both exhausted and unexhausted claims,

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a . . . petition if [ (1) ] the petitioner had good cause for his failure to exhaust, [ (2) ] his unexhausted claims are potentially meritorious, and [ (3) ] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

544 U.S. 269, 278 (2005). See also Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *11 (4th Cir. Aug. 10, 2011) (unpublished) (per curiam) ("[T]he Pace decision appears to authorize use of the stay and abeyance procedure under any circumstances that could warrant a state court resolution of a prisoner's claims.")

Petitioner intimates he has concerns about the possible effects of his state postconviction

4

filings on the habeas statute of limitations. (Mot. to Stay 2.) Petitioner's state court judgment became final on or about April 25, 2017, when the time to petition the North Carolina Supreme Court for discretionary review of the appellate court's denial of his direct appeal expired. See Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); see also N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). According to the instant Motion, Petitioner sought the help of NCPLS on September 17, 2017, less than six months after the North Carolina Court of Appeals denied his direct appeal; NCPLS agreed to undertake representation of Petitioner and, after extensive investigation that involved an unusual amount of travel, filed an MAR on his behalf. (Mot. to Stay 2-3.) The MAR was filed on April 23, 2018, 363 days after the federal statute of limitations began to run, and two days shy of its projected expiration. See § 2244(d)(1)(A).

Because the MAR was filed before the statute of limitations expired, the limitations period was tolled while the MAR was pending in the state court. See § 2244(d)(2) (The federal statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review is pending.") Moreover, "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 141 (2006) (citing Carey v. Saffold, 536 U.S. 214 (2002)). The North Carolina Court of Appeals allowed the

certiorari petition, which this Court will assume means the petition was filed without "unreasonable delay," as required by N.C. Rule App. P. 21(c) (2009). Therefore, the statute of limitations also tolled through the preparation and pendency of that petition. See Chavis, 546 U.S. at 141. And, because the North Carolina Court of Appeals vacated the order denying the MAR and remanded the case to the trial court for further proceedings, the federal statute of limitations continues to toll through this day. See § 2244(d)(2).

There is nothing before this Court indicating that Petitioner or counsel engaged in "intentionally dilatory litigation tactics" in the state courts. See Rhine, 544 U.S. at 278. Additionally, some of Petitioner's claims are potentially meritorious. See id. Petitioner, however, does not directly state his reason for filing a "protective" § 2254 petition prior to exhausting his state remedies or identify the possible effect(s) his state postconviction filings may have on the habeas statute of limitations and explain why they concern him. He does not, for example, express confusion about whether a state filing would be timely. See Pace, 544 US at 416 (suggesting in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" habeas petition in federal court). Nor is this a situation, for instance, where the petitioner has raised both exhausted and unexhausted claims and denial of a stay would require him to abandon his unexhausted claims. See, e.g., Rhines, 544 U.S. at 278 ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." (citing Rose v. Lundy, 455 U.S. 509, 520 (1982)).

Based on the facts before it, the Court assumes the reason Petitioner has filed a "protective" habeas petition is because under § 2244(d)(1)(A), he otherwise would have only two

days to file a timely § 2254 petition once he fully exhausts his state remedies. That is an understandable concern, and the Court finds it constitutes "good cause" for not exhausting state remedies before filing the habeas Petition. At the same time, the Court has its own concern about the potential length of time this civil action may remain open but inactive on the Court's docket. Accordingly, the Court shall grant the Motion to hold this action in abeyance and require counsel for Petitioner to file an update on the status of state court proceedings, every 90 days.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**;

2) Petitioner's Motion to hold federal 28 U.S.C. § 2254 proceedings in abeyance (Doc. No. 6) is **GRANTED**;

3) Petitioner shall file a status update on state court proceedings, every 90 days;

4) The Clerk of Court shall sever Petitioner's redacted Memorandum in Support of Petition for Writ of Habeas Corpus (Doc. No. 1 at 16-34) from the Petition for Writ of Habeas Corpus (Doc. No. 1 at 1-15), and docket it separately as an attachment to the Petition for Writ of Habeas Corpus; and

5) Within 10 days of entrance of this Order, Petitioner shall file an unredacted version of Exhibit A, under seal or, in the alternative, withdraw his Motion to Seal Exhibit A.

Signed: May 10, 2019

Max O. Cogburn Jr.
United States District Judge