UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00096-MOC

| MACK CHASON GLISSON, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) **ORDER** |
| ERIC A. HOOKS, MIKE SLAGLE, | ) |
| Respondents. | ) |

**THIS MATTER** is before the Court upon Petitioner Mack Chason Glisson's Motion to Seal documents. (Doc. No. 5.) Petitioner is represented by Christopher John Heaney of North Carolina Prisoner Legal Services ("NCPLS").

I.  **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on December 18, 2014, was convicted of first-degree murder after a jury trial in Buncombe County Superior Court. He was sentenced to life in prison without the possibility of parole. (§ 2254 Pet. 1-2, Doc. No. 1.)

On March 21, 2017, the North Carolina Court of Appeals issued an unpublished opinion finding no error in the judgment. State v. Glisson, 797 S.E.2d 381 (N.C. Ct. App. 2017) (Table). Petitioner did not seek discretionary review of the appellate court's decision in the North Carolina Supreme Court. (§ 2254 Pet. 2.)

Petitioner, through counsel, filed a post-conviction motion for appropriate relief ("MAR") in the Buncombe County Superior Court on April 23, 2018; it was denied on September 26, 2018, without an evidentiary hearing. (§ 2254 Pet. 3-4.) Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on March 28, 2019, seeking

1

review of the denial of his MAR. (§ 2254 Pet. 13.) The certiorari petition was allowed on May 2, 2019, and the North Carolina Court of Appeals vacated the order denying the MAR and remanded the case to the trial court for further proceedings. (Status Update, Doc. No. 7 (citing State v. Glisson, P19-213 (N.C. Ct. App. May 2, 2019)). Petitioner's MAR is now pending before the Superior Court of Buncombe County. (Id.)

Contemporaneously with the filing of his state certiorari petition, Petitioner filed a Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254, in this Court. (Doc. No. 1.) He also filed a Motion to Proceed In Forma Pauperis (Doc. No. 2), a Motion to hold this action in abeyance pending exhaustion of state remedies (Doc. No. 6), and the instant Motion to Seal (Doc. No. 5). On May 10, 2019, the Court entered a written Order granting the first two Motions and directing Petitioner to correct a filing error related to the third. (Doc. No. 8.) Petitioner has corrected the error (Doc. No. 9), and his Motion to Seal is now ripe for review.

## II.  DISCUSSION

In this Motion, Petitioner seeks to seal Exhibit A and Exhibit B submitted in support of his § 2254 Petition, the memorandum in support of his habeas Petition, and a reference list to Exhibit A. (Mot. to Seal 1, Doc. No. 5.) Because Exhibit A (Doc. No. 9) and Exhibit B (Doc. No. 4-2) are themselves comprised of numbered exhibits, the Court shall refer to Exhibit A as Appendix A and Exhibit B as Appendix B.

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir. 2014) (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 n.17 (1980); Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978); Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 428 (4th Cir.2005)). In Doe, the Fourth Circuit explained:

The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir.2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." In re United States for an Order Pursuant to 18 U.S.C. Section 2703, 707 F.3d 283, 290 (4th Cir.2013) (quoting Va. Dep't of State Police, 386 F.3d at 575) (internal quotation marks omitted). The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." Rushford [v. New Yorker Magazine, Inc.], 846 F.2d [249, 253 (4th Cir. 1988)]. By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," Stone [v. University of Md. Med. Sys. Corp.], 855 F.2d [178, 180 (4th Cir.1988)], and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest," In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir.1986) (quoting Press–Enter. Co. v. Superior Court, 464 U.S. 501, 510 (1984) (internal quotation marks omitted)).

749 F.3d at 265-66. In determining whether to seal judicial documents,

a judicial officer must comply with certain procedural requirements. [In re Washington Post Co., 807 F.2d 383, 390 (4th Cir.1986).] The decision to seal documents must be made after independent review by a judicial officer, and supported by 'findings and conclusions specific enough for appellate review.' [Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65–66 (4th Cir. 1989)]. If a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents' which may include giving the public access to some of the documents or releasing a redacted version of the documents. . . .

Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005) (citation omitted).

A party who seeks to seal any pleading in this Court must comply with it's Local Rules.

Local Civil Rule ("LCvR") 6.1 provides in relevant part:

**LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**

    **(a) Scope of Rule.** To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

3

**(b) Filing under Seal.** No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c) Motion to Seal or Otherwise Restrict Public Access.** A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
>
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>
> **(4)** Supporting statutes, case law, or other authority.

To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

**(d) Filing of an Unredacted Copy Allowed.** The party seeking to file material under seal may submit an unredacted version of the material under seal for review by the Court along with the motion to seal.

**(e) Public Notice.** No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c). Other parties, intervenors, and non-parties may file objections and briefs opposing or supporting the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24. Where the Court acts before the response, any party or non-party may move to unseal at any time.

Local Rule 6.1. Petitioner's Motion to Seal meets the requirements of Local Rule 6.1(c)(1)-(4).

### A. Appendix B

Appendix B includes a forensic evaluation report by a defense psychiatrist, the Defendant-Appellant's brief on appeal, the State's brief in response, and the Defendant-Appellant's Reply brief. (Pet'r's Exs. 1, 22-24, App'x B, Doc. No. 4-2.) The psychiatrist's

report discusses Petitioner's psychiatric history, medication history, and substance abuse history, includes medical and mental health information about several family members identified by name in the report, and includes the full names of Petitioner's child and stepchild, who also are the victim's children. (Pet'r's Ex. 1, App'x B.) The appellate briefs include discussion of documents that remain under seal in the state courts and discuss details from the psychiatrist's report. (Pet'r's Exs. 22-24, App'x B.)

By his Motion to seal the forensic evaluation report, Petitioner seeks to protect sensitive personal mental health information and information identifying the children from becoming public. Redaction is not an appropriate alternative, as it likely would require blacking out most of the report. The Court finds Petitioner's interest in protecting his personal mental health information and family identifiers "heavily outweigh[s] the public interests in access," Rushford, 846 F.2d at 253. See Moore v. Washington Hosp. Ctr., No. CIV.A. DKC 11-3742, 2012 WL 2915165, at *6–7 (D. Md. July 16, 2012) (granting motion to seal "sensitive health information") (citing Langley v. Director, Dept. of Corr., No. 2:09cv436, 2010 WL 2483876, at *2 (E.D. Va. May 28, 2010) (granting unopposed motion to seal "personal and sensitive information regarding mental health and medical treatment"); Collins v. Chemical Coatings, Inc., No. 5:07cv116, 2008 WL 5105277, at *2 (W.D.N.C. Dec.1, 2008) ("[c]learly, sealing is necessary to protect sensitive personal health information and identifiers from becoming public records"); Briggs v. Marriott Intern., Inc., 368 F. Supp. 2d 461, 463 n.1 (D. Md. 2005) (granting unopposed motion to seal "personal and medical information")). Petitioner's Motion to Seal the forensic evaluation report (Pet'r's Ex. 1, App'x B) shall be granted.

Petitioner seeks to seal the briefs filed in his direct appeal to the North Carolina Court of Appeals because they contain discussion of exhibits placed under seal by the trail court, specifically an affidavit filed by Petitioner's first trial counsel, Faye Burner, and North Carolina

Department of Social Services records. At the request of the parties, the North Carolina Court of Appeals did not publish the briefs online. (Mot. to Seal 3.)[1]

Petitioner's Motion to Seal the state appellate briefs shall be granted in part and denied in part. The Court finds the public's interest in access to discussion of the contents of exhibits sealed by the trial court is outweighed by the principles of comity and federalism, which promote respect for state functions and a "continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways" Younger v. Harris, 401 U.S. 37, 44 (1971). The Court concludes, however, that sealing the remainder of the appellate briefs is not necessary to serve a compelling government interest. See In re Wash. Post Co., 807 F.2d at 390. Discussion of the sealed exhibits is confined to certain portions of the briefs (e.g. Pet'r's Ex. 22, Doc. No. 4-2 at 57-58, 81, 87; Pet'r's Ex. 23, Doc. No. 4-2 at 99-100, 120 n.8), while what remains covers well-trodden legal arguments involving material that has no pretense of an expectation to privacy. Thus, there is a less drastic remedy than sealing the briefs *in toto*. Confidentiality may be preserved by redacting discussion of the sealed exhibits' contents that are not part of the public record.

Additionally, Exhibits 23 and 24 discuss the contents of the forensic evaluation report (Ex. 1) this Court has placed under seal. (Pet'r's Ex. 23 at 125-126, 128-130; Ex. 24, Doc. No. 4-2 at 153-155, 157 n.2.) Those portions of the appellate briefs also require redaction.

Petitioner's Motion to Seal the appellate briefs shall be granted only as to those portions that discuss the contents of the exhibits filed under seal in the trial court and those portions that discuss the contents of the forensic evaluation report (Ex. 1) this Court has placed under seal. Petitioner shall be directed to file redacted versions of Exhibits 22-24 of Appendix B in the

---

[1] This Court was unable to access the briefs either through Westlaw or the North Carolina Appellate Courts' electronic filing cite (https://www.ncappellatecourts.org).

public docket, redacting discussions of the sealed exhibits' contents that are not part of the public record.[2]

### B. Appendix A

Appendix A contains copies of the indictment, superseding indictment, MAR and it's exhibits, the North Carolina Court of Appeals' opinion on direct appeal, judgment and commitment form, and the trial court's order denying the MAR. (Redact. App'x A, Doc. No. 1-1.) Petitioner seeks to seal the Appendix because it contains sensitive personal mental health information from the forensic evaluation report (Ex. 1) filed under seal in Appendix B. (Mot. to Seal 3, 6.) The Court has granted Petitioner's Motion to Seal the forensic evaluation report (Pet'r's Ex. 1, App'x B), and Petitioner has filed a redacted version of Appendix A on the public docket, blacking out information from the report (Redact. App'x A, Doc. No. 1-1 at 7-8, 14, 15, 25.)

In addition to redacting the information from the forensic evaluation report, Petitioner has redacted the name of his step child, his home address, and his birth date from the documents in Appendix A. (Redact. App'x A, Doc. No. 1-1 at 4, 5, 7, 116, 117.) Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of certain identifying information contained in electronic or paper filings made with the court, including the full names of minor children and individuals' birth dates. Fed. R. Civ. P. 5.2(a). If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "blacked out" or redacted prior to submitting the document to the Clerk of Court for filing. See id. A person making a redacted filing may also file an unredacted copy under seal. Fed. R. Civ. P. 5.2(f). Petitioner has complied with the requirements of Rule 5.2.

---

[2] For example, Attorney Faye Burner may have included in her sealed affidavit statements she previously had made on the record. Redaction of those statements would be inappropriate.

Additionally, courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018) (citing Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 607 (1982) (holding that safeguarding well-being of minor is compelling and may justify closure of criminal trial from public access); United States v. Cannon, No. 14-00087, 2015 WL 3751781, at *3 n.3 (W.D.N.C. June 16, 2015) (redacting children's first names); United States v. Fretz, No. 02-67, 2012 WL 1655412, at *3 (E.D.N.C. May 10, 2012) (ordering filing of redacted version of document)). In Petitioner's case, his step child neither witnessed the murder of her mother nor testified at Petitioner's trial. The Court finds that protecting the privacy and psychological well-being of Petitioner's step child, regardless of whether that child is still a minor, outweighs the public interest in access to the child's name.

For the reasons stated, the Court shall grant Petitioner's Motion to Seal Appendix A.

**C. Reference List to Appendix A**

Petitioner seeks to seal a reference list that provides the name of his step child, his home address, and his birth date that have been redacted from the public version of Appendix A. (Ref. List, Doc. No. 4-3.) Rule 5.2 allows for the filing of such a list under seal. Fed. R. Civ. P. 5.2(g). Petitioner has complied with the requirements of Rule 5.2(g). Accordingly, the Court shall grant the Motion to Seal the reference list.

**D. Memorandum in Support of Habeas Petition**

Petitioner seeks to seal the Memorandum supporting his habeas Petition (Doc. No. 4) because it contains details about his psychiatric history, diagnoses, and substance abuse obtained from the forensic evaluation report (Ex. 1, App'x B) sealed by this Court. (Mot. to Seal 3, 6.) Petitioner has filed a redacted version of the Memorandum in the public docket. (Doc. No. 1-2.)

The redactions in the public Memorandum are minimal and do not prevent an understanding of the arguments made in the Memorandum. Because the Court has sealed the forensic evaluation report, and Petitioner has filed a redacted version of the Memorandum in the public docket, the Court shall grant his Motion to seal the Memorandum supporting the habeas Petition.

### E. Duration of Sealing

Petitioner asks that the material that he seeks to seal be kept under permanent seal. He contends that the privacy and comity interests at stake will not diminish in any period of time such that a future order to unseal documents would be logical or helpful. (Mot. to Seal 7.)

The local rules of this District make no provision for sealing matters beyond the life of the case, inasmuch as case materials must be placed in the National Archives. If the parties believe at the conclusion of the case that such materials remain sensitive, they should move the Clerk of Court to strike any such sensitive pleadings from the official Court record.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Motion to Seal (Doc. No. 5) is **GRANTED in part** and **DENIED in part**;

2) The unredacted Memorandum in Support of Petition for Writ of Habeas Corpus 28 U.S.C. § 2254 (Doc. No. 4), unredacted Appendix B (Doc. No. 4-2), Reference List to Appendix A (Doc. No. 4-3), and unredacted Appendix A (Doc. No. 9) shall be held under seal for the duration of this action;

3) Within 14 days of entrance of this Order, Petitioner shall file redacted versions of Exhibits 22-24 of Appendix B in the public docket, redacting any and all discussion of the contents of the forensic evaluation report sealed by this Court (Ex. 1, App'x B) and any and all discussion of the contents of the exhibits sealed by the trial court that

are not part of the public record; and

4) The Clerk of Court shall docket the redacted versions of Exhibits 22-24 of Appendix B as attachments to the Petition for Writ of Habeas Corpus (Doc. No. 1).

**SO ORDERED.**

Signed: June 3, 2019

Max O. Cogburn Jr
United States District Judge